IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADLEY SCHLOTTMAN; <br> JONATHAN SCHLOTTMAN; and <br> JOSEPH MCMUNN, <br>      Plaintiffs, <br> vs. <br> UNIT DRILLING COMPANY, LLC; <br> and SHANE BATTLES, <br>      Defendants. | Case Number CIV-08-1275-C |

## MEMORANDUM OPINION AND ORDER

Defendant Unit Drilling Company ("Unit") employed Plaintiffs to work on one of its oil rigs located near Antlers, Oklahoma.[1] Plaintiffs claim that, while working on the rig, Defendant Battles, their supervisor, racially and sexually harassed them. They reported these activities to Unit's corporate office located in Tulsa, Oklahoma, but no investigative or corrective action was taken. As a result, Plaintiffs claim that Defendant Battles then retaliated against them. Plaintiffs eventually filed claims with the Equal Employment Opportunity Commission, and claim that shortly thereafter their employment was constructively terminated. Plaintiffs have filed federal claims pursuant to Title VII and 42 U.S.C. § 1983, along with state law claims for assault and battery and a Burk[2] claim.

---

[1] Plaintiffs Bradley and Jonathan Schlottman also worked for Unit while the same rig was located in Texas.

[2] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

Defendants filed a motion to dismiss, arguing that venue is improper in the Western District of Oklahoma. Subsequently, Plaintiffs filed an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.[3] Because a motion to dismiss is not considered a responsive pleading, see Adams v. Campbell County School District, 483 F.2d 1351, 1353 (10th Cir. 1973), Plaintiffs were entitled to amend as a matter of course. Therefore, Defendants' motion to dismiss Plaintiffs' original complaint is moot.

Defendants then filed a motion to dismiss,[4] requesting that the Court transfer this case to the Eastern District of Oklahoma. According to Defendants, a related case has been filed by two different plaintiffs in the Northern District of Texas. Unit has moved to have this case transferred to the Eastern District as well. Defendants contend that the alleged harassment and hostile work environment occurred solely within the Eastern District. According to affidavits attached by Defendants, Plaintiffs' immediate supervisor, Mr. Powell, is expected to testify and it would be more convenient for him to do so in the Eastern District where he currently works.

---

[3] Contemporaneous with their amended pleading, Plaintiffs also filed a motion to transfer venue to the Northern District of Oklahoma. (See Dkt. No. 9.) This was based on their understanding that, under the Title VII venue statute, venue was not appropriate in the Western District. After further consideration, Plaintiffs contend that this original view was incorrect and have since withdrawn their motion to transfer. (See Dkt. No. 23.)

[4] Defendants initially requested that the Court dismiss the action or in the alternative transfer it to the Eastern District. In their reply, however, Defendants agree with Plaintiffs that a complete dismissal is not warranted. Therefore, the Court declines to consider Defendants' motion to dismiss and instead focuses solely on their request to transfer.

In determining the proper venue in this case, the Court first looks to the Title VII venue provision because according to the Tenth Circuit, "this provision, rather than the general venue statute, governs venue in Title VII actions." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998). According to 42 U.S.C. § 2000e-5(f)(3):

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Oklahoma district courts have interpreted this provision to mean that plaintiffs may file Title VII actions in any judicial district in Oklahoma when the alleged unlawful employment practice occurred in Oklahoma. See Titsworth v. City of Muskogee, No. 07-CV-0576-CVE-SAJ, 2008 WL 112032, at *2 (N.D. Okla. Jan. 9, 2008); Burris v. Weyerhaeuser Co., No. CIV-05-1104-M, 2006 WL 682017, at *1 (W.D. Okla. Mar. 16, 2006). Therefore, the Court finds that venue over Plaintiffs' Title VII claims is proper in the Western District.

Because Plaintiffs are bringing multiple claims in this single action and because venue over Plaintiffs' Title VII claim is based upon that statute's specific venue provision rather than the general venue statute, the Court must determine whether venue is proper in the Western District with respect to Plaintiffs' state law claims and § 1983 claims. Because the

Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, the exercise of pendent venue over these claims is warranted and venue is therefore appropriate in the Western District.

Plaintiffs' § 1983 claims are governed by the general venue statute, 28 U.S.C. § 1391(b), which provides that venue is appropriate:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendant Battles resides in the Eastern District. Unit resides in both the Eastern District and the Northern District. See 28 U.S.C. § 1391(c); 4A Charles Alan Wright, et al., Federal Practice and Procedure §§ 1069-1069.4 (3d ed. 2002). Therefore, venue is not proper in the Western District under the general venue statute.

However, the doctrine of pendent venue provides that:

> "when two or more federal claims are brought and venue is properly laid as to one claim, that venue will support adjudication of the other related claim. The decision whether to exercise pendent venue is a matter of judicial discretion based upon the relatedness of the claims, judicial economy, convenience, and fairness."

Bishop v. Okla. ex rel. Edmondson, 447 F.Supp.2d 1239, 1254-55 (N.D. Okla. 2006) (quoting Jackson v. MCI Telecomms. Corp., No. 92-2503, 1993 WL 408332, at *2 (D. Kan. Sept. 29, 1993)). Plaintiffs' federal claims all arise out of the same incident, and the Court finds that exercising pendent venue in this situation promotes judicial economy, convenience,

and fairness. Therefore, the Court finds that venue is proper in the Western District with respect to all of Plaintiffs' claims.

This does not end the inquiry, however. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, the Tenth Circuit notes that courts should consider:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

As movants, Defendants bear the burden of demonstrating that the Western District is an inconvenient forum. Id. at 1515. The Court finds that Defendants have not met this burden. While they assert that they have moved to transfer the related Texas case to the Eastern District as well, such a transfer has not yet occurred and Defendants have not demonstrated that it is imminent. Additionally, though Defendants contend that it would be more convenient for Plaintiffs' supervisor, Mr. Powell, to testify in the Eastern District, this fact alone is insufficient to warrant transfer. The distance from the rig's location to Muskogee, Oklahoma, is approximately one hour shorter than the distance to Oklahoma City, Oklahoma. The Court finds that this does not make the Western District an inconvenient

forum. This analysis would change significantly, however, should the related Texas case be transferred to the Eastern District. If that occurs, then Defendants may file a second motion to transfer.

According, Defendants' Motion to Dismiss (Dkt. No. 7) is MOOT. Plaintiffs' Motion to Transfer (Dkt. No. 9) is WITHDRAWN. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 18th day of February, 2009.

ROBIN J. CAUTHRON
United States District Judge