IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRADLEY SCHLOTTMAN; <br> JONATHAN SCHLOTTMAN; and <br> JOSEPH MCMUNN, <br><br>                 Plaintiffs, <br><br> vs. <br><br> UNIT DRILLING COMPANY, LLC; <br> and SHANE BATTLES, <br><br>        Defendants, Counter- <br>        Claimants and Third-Party <br>        Plaintiffs, <br><br> vs. <br><br> RANDALL J. MOORE and <br> JONATHAN W. MOORE, <br><br>        Third Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case Number CIV-08-1275-C |

## MEMORANDUM OPINION AND ORDER

Defendant Unit Drilling Company ("Unit") employed Plaintiffs to work on one of its oil rigs located near Antlers, Oklahoma.[*] Plaintiffs filed suit before this Court claiming that, while working on the rig, Defendant Battles, their supervisor, racially and sexually harassed them. Defendants then filed third-party claims against the Moores, claiming they

---

[*] Plaintiffs Bradley and Jonathan Schlottman also worked for Unit while the same rig was located in Texas.

conspired with Plaintiffs to file the sham action. The Moores are pursuing litigation against Defendants in the Northern District of Texas. The Moores now seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 14(a)(2)(A). According to the Moores, this Court lacks jurisdiction because the claim brought by Defendants is not a proper third-party claim.

In pertinent part, Rule 14 states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Moores argue that the Third-Part Complaint fails to comply with this rule as there are no grounds set forth pursuant to which the Moores would be liable to Plaintiffs. The Moores' position is well taken. Defendants' claims against the Moores allege they engaged in a conspiracy with Plaintiffs to bring a sham lawsuit alleging Title VII violations. If Plaintiffs prevail, Defendants' theory is necessarily void and there could be no basis for imputing Defendants' liability to Plaintiffs to the Moores. Thus, Defendants' allegations against the Moores are not proper Rule 14 claims. See Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983) ("It is well established, however, that impleader is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim.'") (quoting United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967)). Because Defendants' allegations against the Moores are not sustainable under Rule 14, they will be dismissed.

For the reasons set forth herein, the Third-Party Defendants' Motion to Dismiss (Dkt. No. 38) is GRANTED. The claims against Randall J. Moore and Jonathan W. Moore are DISMISSED with prejudice.

IT IS SO ORDERED this 10th day of June, 2009.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge