IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

BRADLEY SCHLOTTMAN;              )
JONATHAN SCHLOTTMAN; and          )
JOSEPH MCMUNN,                    )
                                  )
               Plaintiffs,      )
                                  )
vs.                               )   Case Number CIV-08-1275-C
                                  )
UNIT DRILLING COMPANY, LLC;       )
and SHANE BATTLES,                )
                                  )
               Defendants.      )

**MEMORANDUM OPINION AND ORDER**

      Defendant Unit Drilling Company ("Unit") employed Plaintiffs to work on one of its oil rigs located near Antlers, Oklahoma.[1] Plaintiffs filed suit claiming that Defendant Battles, their supervisor, racially and sexually harassed them during their employment. They reported these activities to Unit's corporate office located in Tulsa, Oklahoma, but no investigative or corrective action was taken. Plaintiffs claim that as a result of their complaint Defendant Battles retaliated against them. Plaintiffs eventually filed claims with the Equal Employment Opportunity Commission, and claim that shortly thereafter their employment was constructively terminated. Plaintiffs have filed federal claims pursuant to Title VII and 42 U.S.C. § 1983, along with state law claims for assault and battery and a

---

[1] Plaintiffs Bradley and Jonathan Schlottman also worked for Unit while the same rig was located in Texas.

Burk[2] claim.  In response, Defendants filed a counterclaim alleging Plaintiffs' filing of this action was the result of a civil conspiracy and/or an abuse of process.  Plaintiffs now seek dismissal of the counterclaims arguing they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c).

"A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992).  Thus, Plaintiffs' motion will be evaluated under the familiar 12(b)(6) standard.  In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S.544, 555 (2007), and Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citation omitted)).  For purposes of this analysis, the Court assumes that all well-pleaded facts contained in the counterclaim are true, views those facts in a light most favorable to the non-moving party, and resolves all reasonable inferences in the non-moving party's favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

In essence, Defendants' counterclaim alleges that Plaintiffs conspired together to create a fictitious claim in order to get rich.  Defendants argue the claims filed by Plaintiffs against them are false and therefore give rise to tort claims against Plaintiffs.  Defendants

---

[2] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

have labeled their claims civil conspiracy and abuse of process.  Plaintiffs argue that Defendants cannot plead facts sufficient to give rise to these claims and they should be dismissed.

1.  Civil Conspiracy

The Oklahoma Supreme Court has set out the elements of a civil conspiracy claim:

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability.  To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means.  There can be no civil conspiracy where the *act* complained of and the *means employed* are lawful.

Brock v. Thompson, 1997 OK 127, ¶ 39, 948 P.2d 279, 294 (footnotes omitted).  Here, the parties are in dispute over whether or not Defendants have or can plead facts demonstrating the existence of an unlawful act.  In the counterclaim, Defendants assert that Plaintiffs made untrue accusations and allegations for the purpose of obtaining financial gain.

Under Oklahoma law, it is not necessary that the unlawful act be a criminal act. However, it must be an act which would in itself give rise to tort liability.  Gaylord Entm't Co. v. Thompson, 1998 OK 30, ¶ 40, 958 P.2d 128, 148 ("In order to be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means.").  Here, Defendants have pled facts which could give rise to a tort committed by one or more Plaintiff.  The counterclaim alleges that Plaintiffs made untrue accusations and allegations with the intent to obtain money.  Such an assertion states a claim for relief under Oklahoma law.  Consequently, Defendants have properly pled allegations

which plausibly support a claim for relief and the counterclaim for civil conspiracy will survive the Motion to Dismiss.

2. Abuse of Process

To bring a claim for abuse of process under Oklahoma law, Defendants must plead and prove: "(1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse." Greenberg v. Wolfberg, 1994 OK 147, ¶ 22, 890 P.2d 895, 905 (footnotes omitted). It is the first element that is fatal to the counterclaim. While Defendants argue that Plaintiffs' actions began with bad intent they have offered no suggestion that Plaintiffs are not using the court system in a legitimate manner. Id. ("Although a plaintiff in a predicate action may have been motivated by bad intention, there is no abuse if the court's process is used legitimately to its *authorized* conclusion."); see also Gore v. Taylor, 1990 OK CIV APP 24, ¶ 17, 792 P.2d 432, 435-36 ("Prosser made it clear that there must be some 'definite *act* or *threat* not authorized by the process' and that 'there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'"). In the absence of any evidence of illegitimate use of process, that portion of the counterclaim must fail. However, the dismissal will be without prejudice.

As set forth more fully herein, Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Dkt. No. 32) is DENIED in part and GRANTED in part. The motion is denied as to the claim for civil conspiracy and granted on the claim for abuse of process. If

Defendants wish to amend the counterclaim, any amendment must be filed within 20 days of the date of this Order.

    IT IS SO ORDERED this 11th day of June, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge