IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRADLEY SCHLOTTMAN; | ) | |
| JONATHAN SCHLOTTMAN; and | ) | |
| JOSEPH MCMUNN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-08-1275-C |
| | ) | |
| UNIT DRILLING COMPANY, LLC; | ) | |
| and SHANE BATTLES, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Unit Drilling Company ("Unit") employed Plaintiffs to work on one of its oil rigs located near Antlers, Oklahoma. Plaintiffs filed suit claiming that Defendant Battles, their supervisor, racially and sexually harassed them during their employment. Plaintiffs filed a Motion to Strike certain affirmative defenses,[1] arguing Defendants have failed to adequately plead them. Plaintiffs assert that affirmative defenses must be pleaded according to the same standards as allegations set forth in the Complaint and that Defendants have failed to meet this standard.

---

[1] In particular, Plaintiffs challenge the affirmative defenses of: failure to exhaust administrative remedies; failure to mitigate damages; Faragher/Ellerth defense; civil conspiracy; and reservation of the right to amend answer.

The Court has reviewed the parties' briefs on this issue and Defendants' Answer, including the challenged defenses. Assuming, without deciding, that affirmative defenses must be pleaded in conformance with the guidelines set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court finds Defendants' pleading sufficient. In determining the sufficiency of a responsive pleading, it must be compared and considered in connection with the complaint itself. It is likely that an answer, with or without affirmative defenses, will contain fewer factual assertions than a complaint and still be sufficient. Plaintiffs often are forced to plead generalities because of lack of information and/or because necessary information is in the possession of defendants and cannot be obtained prior to discovery. Thus, the standards for pleading a claim are necessarily liberal. What is primary is that the complaint "show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> This pleading requirement serves two purposes. First, it ensures that defendants know the actual grounds of the claim against them, and can therefore prepare a defense. Second, it avoids ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim.

Bryson v. Gonzales, 534 F.3d 1282, 1287 (10th Cir. 2008) (internal citation and quotation marks omitted). Applying these principles to the challenged defenses, the Court finds that although very basic, the allegations meet the standard. Turning to the specifically challenged defenses:

1.  Failure to Exhaust Administrative Remedies

Given the multiple and alternative theories of relief broadly outlined in most employment discrimination complaints, it is not at all unusual for unexhausted claims to creep in as discovery progresses.  Indeed, in this case Plaintiffs have admitted that certain claims were not exhausted at the time the Complaint was filed.  To preclude Defendants from challenging those claims, or require an amended answer before permitting a challenge would result in an undue waste of the Court and parties' resources.

2.  Failure to Mitigate Damages

Even more obviously, a failure to mitigate damages is almost impossible to plead with specificity at the first response stage, when neither plaintiff nor defendant knows precisely what damages will be sought.  The defense, when read in conjunction with the allegations of the Complaint, adequately identifies the grounds of the claim and sets out a claim which permits the Court to "infer potential victory."  Id. at 1286.

3.  Faragher/Ellerth[2] Defense

Defendants have adequately set out the elements in a manner that apprises Plaintiffs of the basis on which they intend to respond.  Indeed, Defendants' Answer does not mention the cases on which the defense is premised, yet Plaintiffs were informed enough from the allegation to identify the legal bases for the challenge.  For Plaintiffs to say they were somehow prejudiced by the brevity of Defendants' allegation is frivolous.  To require a

---

[2] Based on two Supreme Court decisions:  Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

defendant to set out at length each and every fact giving rise to the defense would unnecessarily lengthen and complicate the answer.

4.  Civil Conspiracy

Whether treated as an affirmative defense or a counterclaim, the allegation is fully developed within the Answer and the Court fails to discern the benefit to strike the defense as suggested by Plaintiffs.

5.  Reservation of Right to Amend

Defendants' assertion of some right to amend is of course a nullity.  As Defendants concede, prior to any amendment, they must first seek and obtain leave of Court.  Nevertheless, the Court sees no reason to strike the assertion.  Were the Court to grant Plaintiffs' request and enter judgment on the pleadings on this defense, that ruling could be seen to preclude Defendants from obtaining relief to which they are entitled later in this action.  To strike the defense would require Defendants to file a new Answer and thereby clutter the Court file even further with unnecessary documents.

## CONCLUSION

Certainly, Defendants could have provided additional factual support for the asserted defenses, but the same could be said for many of the complaints filed every day.  The bottom line is the parties are aware of the nature of the claims pressed against them; the validity of those claims can only be fleshed out through discovery.  To permit Plaintiffs to prevail on this motion would create two unacceptable results:  1) Plaintiffs would be encouraged to continue to file Motions to Strike in virtually every case where a defendant had pleaded an

affirmative defense even when the plaintiff could easily discern the bases for the defense; 2) Defendants would necessarily delay filing answers until discovery had permitted the factual pleading sought by plaintiffs. In the alternative, those defendants would continually seek leave to amend and the Court's and parties' resources would be wasted. This course would also necessitate additional discovery and likely lengthen the time until a matter could be brought to trial. That result is simply untenable.

For the reasons set forth herein, Plaintiffs' Motion to Strike Affirmative [Defenses] or for Judgment on Defendants' Affirmative Defenses (Dkt. No. 33) is DENIED.

IT IS SO ORDERED this 18th day of June, 2009.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge