IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRADLEY SCHLOTTMAN; )
JONATHAN SCHLOTTMAN; and )
JOSEPH MCMUNN, )
 )
                Plaintiffs, )
 )
vs. ) Case Number CIV-08-1275-C
 )
UNIT DRILLING COMPANY, LLC; )
and SHANE BATTLES, )
 )
                Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants filed a Motion to Compel Deposition Testimony requesting that the Court order Plaintiffs to answer a number of questions that were asked during their recent depositions.[1] All of the questions centered around sexual abuse suffered by Plaintiffs as children.[2] Defendants contend that such questions are relevant to Plaintiffs' claim that they suffered "embarrassment, anguish, worry, humiliation and like emotions" as a result of Defendants' actions. During Plaintiffs' depositions, their attorney instructed them not to answer any questions designed to elicit details of their prior sexual abuse, although she permitted them to testify at some length about the criminal charges later brought against their abuser as well as the psychological and emotional effects of the abuse that they

---

[1] Subsequently, Plaintiffs filed an Application for a Protective Order that is virtually identical to their response to Defendants' Motion to Compel.

[2] Plaintiff Bradley Schlottman was not himself a victim of abuse, but during his deposition, he was questioned about his knowledge of the abuse suffered by the other two Plaintiffs.

experienced, both past and present.

The Federal Rules of Civil Procedure permit an attorney to instruct a witness not to answer a question during a deposition "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  The first two instances are inapplicable in the present situation and Defendants contend that, because the deposition was not suspended, the instruction not to answer was improper.  However, during the depositions, when faced with the instruction not to answer, Defendants' counsel stated that he wanted to certify the entire area of questioning but that he did not want to stop the deposition in order to first address the objection with the Court.  Accordingly, Defendants waived the chance to object to the failure to strictly follow the requirements of Rule 30(c)(2).

Plaintiffs argue that the instruction not to answer was appropriate pursuant to Rule 412 of the Federal Rules of Evidence.  That rule discusses the admissibility during trial of evidence of past sexual behavior or alleged sexual predisposition.  The Advisory Committee Notes provide:

> The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed. R. Civ. P. 26.  In order not to undermine the rationale for Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.  Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.

A number of courts have applied Rule 412 in deciding whether requested discovery is

appropriate. See Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & Kansas City, Kansas, et al., 192 F.R.D. 698, 704 (D. Kan. 2000); Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab, 171 F.R.D. 179, 182 (D. Md. 1997); Barta v. City & County of Honolulu, 169 F.R.D. 132, 135 (D. Haw. 1996); Sanchez v. Zabihi, 166 F.R.D. 500, 502 (D.N.M. 1996).

It is unclear whether Rule 412 is appropriately applied in the present instance. There is no Tenth Circuit precedent on point, and the plain language of Rule 412 appears to limit its applicability to evidence of past sexual behavior and predisposition. Nevertheless, the Court finds that Defendants are not entitled to the testimony that they seek. The details regarding the sexual abuse suffered by Plaintiffs as children, over fifteen years ago, are irrelevant to the claims and defenses in this case. Plaintiffs testified at length about the emotional and psychological effects of the trauma, including any effects that they still experience today. In addition, Plaintiffs were permitted to testify about the nature of the charges brought against their abuser. Such testimony reaches the outer bounds of relevancy in this instance, and Defendants will not be permitted to question Plaintiffs further about the details of the actual abuse suffered.

Accordingly, Defendants' Motion to Compel Deposition Testimony (Dkt. No. 81) is DENIED. Plaintiffs' Application for a Protective Order (Dkt. No. 91) is GRANTED.

IT IS SO ORDERED this 9th day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge